# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>JENNIFER HANEY,<br><br>                      Defendant. | Case No. 17cr3555-MMA<br>*Related Case No. 19cv1174-MMA*<br><br>**ORDER SUMMARILY DISMISSING DEFENDANT'S MOTION TO VACATE AND CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>[Doc. No. 60] |

On March 22, 2018, Defendant Jennifer Haney was charged in a two-count Superseding Information with importing methamphetamine, in violation of Title 21, United States Code, section 952 and 960. *See* Doc. No. 32. Defendant pleaded guilty to Count 2, and was sentenced to a mandatory minimum custodial term of sixty months. *See* Doc. Nos. 40, 54. Defendant now moves to vacate her conviction and correct her sentence pursuant to Title 28, section 2255, arguing that she received ineffective assistance of counsel and an unfair sentence. *See* Doc. No. 60. For the reasons set forth below, the Court summarily **DISMISSES** Defendant's motion.

## DISCUSSION

Section 2255 provides that if a defendant's motion, file, and records "conclusively show that the movant is entitled to no relief" the Court summarily may dismiss the motion without sending it to the United States Attorney for response. *See* 28 U.S.C. § 2255(b). The rules regarding Section 2255 proceedings similarly state that the Court summarily may order dismissal of a 2255 motion without service upon the United States Attorney only "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Rule 4 of the Rules Governing Section 2255 Proceedings. Thus, when a movant fails to state a claim upon which relief can be granted, or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

Defendant's motion is subject to summary dismissal.[1] Defendant claims that the sentence she received is unfairly based on her past state convictions and her attorney provided ineffective assistance by agreeing with the prosecution regarding the sixty-month custodial term.[2] *See* Doc. No. 60, 4-5. With respect to the first argument, the Court is statutorily required to consider a defendant's "history and characteristics" at the time of sentencing. 18 U.S.C. § 3553(a)(1). This includes the defendant's criminal history. *See* U.S.S.G. § 4A1.1. As noted above, Defendant pleaded guilty to importing methamphetamine in violation of Title 21, sections 952 and 960. *See* Doc. No. 32.

---

[1] The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the record. *See Blackledge v. Allison*, 431 U.S. 63, 76 (1977); *see also United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a Section 2255 claim where the files and records conclusively show that the movant is not entitled to relief"). Here, a review of the record conclusively establishes that Defendant is not entitled to relief. Therefore, an evidentiary hearing is neither warranted nor required.

[2] The Sixth Amendment right to counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012).

Section 960 sets forth the range of penalties for violating section 952, which includes a five-year mandatory minimum term of imprisonment for an individual in Defendant's position. *See* 21 U.S.C. § 960(b)(2)(H). And in this case, Defendant's prior convictions rendered her ineligible for any relief from the mandatory minimum. *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. Moreover, the Ninth Circuit has made clear that a "district court must impose a mandatory minimum sentence even if doing so 'makes it impossible for the judge to impose a total sentence that the court considers reasonable.'" *United States v. Thomas*, 843 F.3d 1199, 1205-06 (9th Cir. 2016) (quoting *United States v. Washington*, 462 F.3d 1124, 1140 (9th Cir. 2006). The Court lacked the authority to sentence Defendant to any lower custodial term.

Defendant did not receive an incorrect sentence, nor did she receive ineffective assistance of counsel. Defense counsel submitted a detailed memorandum on her client's behalf for the Court's review prior to sentencing. *See* Doc. No. 48. Counsel advocated for the lowest possible custodial term in this case, the applicable statutory mandatory minimum of sixty months. Ultimately, defense counsel's efforts were successful, not ineffective, and Defendant has not shown "that counsel's assistance was not within the range of competence demanded of counsel in criminal cases." *Lambert v. Blodgett*, 393 F.3d 943, 979-80 (9th Cir. 2004); *see also Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).

## CONCLUSION

Based on the foregoing, the Court summarily **DISMISSES** Defendant's motion. The Court **DECLINES** to issue a Certificate of Appealability because Defendant has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483 (2000). The Clerk of Court is instructed to enter judgment accordingly in the related civil case.

**IT IS SO ORDERED**.

DATE: July 5, 2019

_____
HON. MICHAEL M. ANELLO
United States District Judge